UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE DIAZ FRITZ GROUP, INC.,
d/b/a Diaz Fritz Isabel,

    Plaintiff,

v.                                Case No. 8:20-cv-785-T-33AAS

WESTFIELD INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Westfield Insurance Company's Motion to Dismiss Counts I, III, and IV of the Complaint (Doc. # 8), filed on April 17, 2020. Plaintiff the Diaz Fritz Group, Inc. responded on May 6, 2020 (Doc. # 20) and Westfield replied on May 18, 2020. (Doc. # 25). For the reasons that follow, the Motion is granted.

**I.   Background**

On April 3, 2020, Westfield removed this action to federal court from the Circuit Court of the Thirteenth Judicial Circuit for Hillsborough County, Florida. (Doc. # 1). In the state court complaint, which remains the operative complaint, Diaz Fritz alleged that in May 2009, it entered

into an agreement with Hayward Baker, Inc. (HBI) to perform grouting and foundation work as part of certain improvements and additions being made to University Community Hospital (the Hospital). (Doc. # 1-1 at ¶¶ 1, 3). On August 26, 2009, accumulated rain migrated from the construction site into the Hospital, causing damage to other property at the Hospital. (Id. at ¶ 4).

Ultimately, Diaz Fritz brought a lawsuit against HBI and HBI pursued a counterclaim. (Id. at ¶ 5). At the time of the initial tender of the claim against Diaz Fritz, it was insured by Westfield. (Id. at ¶ 6). Despite timely reporting the claim to Westfield and otherwise fully complying with the insurance policy, Diaz Fritz claims that Westfield refused to accept coverage for the defense or indemnification of the claim. (Id. at ¶¶ 7-8). According to Diaz Fritz, Westfield was required to provide a defense once the allegations in the pleadings plausibly brought the claim within the policy's coverage, and Westfield was required to indemnify Diaz Fritz to the extent that "actual facts and circumstances of the damage brought the claim within coverage." (Id. at ¶¶ 10-12).

Without Westfield's assistance, Diaz Fritz defended the lawsuit. (Id. at ¶ 13). A trial in 2018 ended with a verdict in HBI's favor. (Id.). On September 26, 2018, the trial court

entered a final judgment in favor of HBI in the amount of $361,902.44, which accounted for the set-off that Diaz Fritz received from HBI's insurer. (Id. at ¶ 16).

Based on these allegations, Diaz Fritz brings four causes of action against Westfield. First, Diaz Fritz seeks a declaratory judgment against Westfield (Count I). (Id. at 8-9). Second, Diaz Fritz brings a claim for breach of contract (Count II). (Id. at 9). Finally, Diaz Fritz raises two claims under Florida law for bad faith, which Diaz Fritz has labeled "abated." (Id. at 9-14).

Westfield removed the matter to this Court on the basis of diversity jurisdiction and filed the instant Motion to Dismiss. (Doc. ## 1,8). Westfield has also filed an answer to Count II of the complaint. (Doc. # 9). The Motion has been fully briefed (Doc. ## 20, 25) and is ripe for review.

## II. Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the

complaint. <u>Stephens v. Dep't of Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal citations omitted); <u>see</u> <u>also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

### III. **Analysis**

#### A. **Count I**

Westfield argues that Count I, the declaratory judgment count, should be dismissed as unnecessary and redundant of Count II, the breach of contract claim. (Doc. # 8 at 3). Because both counts seek the same relief, according to Westfield, Count I should be dismissed. (<u>Id.</u>).

Diaz Fritz argues that "the potential duplication of claims is permitted by the federal Declaratory Judgment

4

Statute" and Federal Rule of Civil Procedure 57. (Doc. # 20 at 3). Westfield counters that, although Rule 57 provides that "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate," Count I is not "otherwise appropriate" because the underlying litigation is over and a declaratory judgment on the parties' relative rights under the insurance policy would provide Diaz Fritz no meaningful relief. (Doc. # 25 at 3).

Here, Diaz Fritz alleges in Count I that Westfield was obligated to defend Diaz Fritz in the underlying litigation and was obligated to indemnify the final judgment. (Doc. # 1-1 at ¶¶ 23-24). Diaz Fritz claims that Westfield's refusal to indemnify the final judgment has placed it "in doubt of their rights under the Policy" and so it requests a judgment against Westfield declaring that Diaz Fritz was entitled to a defense from Westfield "once the operative pleadings so changed and enlarged as to come within the policy coverage," that the final judgment against Diaz Fritz is reasonable and is not the product of bad faith, fraud, or collusion, and that Westfield has a duty to indemnify the final judgment. (Id. at 8-9).

In Count II, the breach of contract claim, Diaz Fritz alleges that Westfield breached the policy by (1) wrongfully refusing to provide Diaz Fritz a defense "once the operative pleadings were so changed as to come within the Policy's coverage" and (2) by refusing to indemnify the final judgment "once the actual facts and circumstances brought the claim within the Policy's coverage." (Id. at ¶¶ 29-30).

The federal[1] Declaratory Judgment Act, 28 U.S.C. § 2201(a), vests district courts with broad discretion over whether to exercise jurisdiction over requests for declaratory relief. See, e.g., Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330 (11th Cir. 2005) (stating that the Declaratory Judgment Act "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so"); see also 28 U.S.C. § 2201(a) ("In an actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, **may** declare the rights and other legal relations of

---

[1] Declaratory judgment actions that are removed to federal court are treated as though they had been filed under the federal Declaratory Judgment Act. Morales v. Bimbo Foods Bakeries Distr., LLC, No. 6:18-cv-1652-Orl-31TBS, 2019 WL 354876, at *2 (M.D. Fla. Jan. 29, 2019).

6

any interested party seeking such declaration.") (emphasis added).

"The Declaratory Judgment Act 'permits actual controversies to be settled before they ripen into violations of law or a breach of contractual duty.'" Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC, 650 F. Supp. 2d 1213, 1230 (S.D. Fla. 2009). Declaratory relief is "designed to permit an adjudication whenever the court has jurisdiction, there is an actual case or controversy, and an adjudication would serve a useful purpose." Id. "Indeed, the purpose of the Declaratory Judgment Act is to clarify the legal relations at issue and to settle controversies **prior to** a legal breach of duty or contract." Eisenberg v. Standard Ins. Co., No. 09-80199-CIV, 2009 WL 1809994, at *3 (S.D. Fla. June 25, 2009) (emphasis added).

Moreover, "a court must dismiss a claim for declaratory judgment if it is duplicative of a claim for breach of contract and, in effect, seeks adjudication on the merits of the breach of contract claim." Ministerio Evangelistico Int'l v. United Specialty Ins. Co., No. 16-25313-CIV, 2017 WL 1363344, at *1 (S.D. Fla. Apr. 5, 2017) (alterations, quotation marks, and citation omitted). "Questions regarding whether a contract was adequately performed [are] unrelated

to the purpose behind the Declaratory Judgment Act." Eisenberg, 2009 WL 3667086 at *3.

Here, the Court's determination of the breach of contract claim would involve the same factual disputes at issue in the declaratory judgment count. In both counts, Diaz Fritz seeks a determination from this Court that Westfield was obligated under the insurance policy to provide a defense and/or indemnification to Diaz Fritz in connection with the HBI litigation. What's more, the Court agrees with Westfield that, at this juncture, a declaratory judgment in Diaz Fritz's favor would serve no useful purpose as the final judgment at issue has already been rendered and Diaz Fritz may, and is, seeking relief through a breach of contract claim. See Remedios v. Nat'l Fire & Marine Ins. Co., No. 1:19-CV-21559-KMM, 2019 WL 7956170, at *4 (S.D. Fla. Aug. 29, 2019) (dismissing a declaratory judgment claim that involved the same factual dispute as the breach of contract claim); ARSC, Inc. v. Covington Specialty Ins. Co., No. CV 17-61605-CIV, 2017 WL 10742774, at *1 (S.D. Fla. Dec. 20, 2017) ("Here, Emerald Center's petition for a declaratory judgment serves no useful purpose because it involves only past conduct which has already ripened into a breach-of-contract claim: there is

8

no future uncertainty to resolve."). Accordingly, Count I is dismissed.

### B.  Counts III and IV

Westfield argues that Counts III and IV should be stricken under Rule 12(f) as "immaterial, impertinent, and scandalous." (Doc. # 8 at 4-5). It also argues that these counts should be dismissed because they have not yet accrued given the pending coverage action. (Id. at 5-6). While Diaz Fritz concedes that its statutory bad faith claims are "premature," it argues that the claims are subject to abatement rather than dismissal. (Doc. # 20 at 3-5).

In Count III, Diaz Fritz brings a claim for violation of Florida Statute § 622.155, which provides a statutory right of action for bad faith claims against insurers. Count IV alleges a violation of Florida Statute § 626.9541(1)(i), titled "Unfair Claim Settlement Practices." Section 622.155 explicitly allows a bad-faith cause of action for an insurer's violation of Section 626.9541(1)(i). Fla. Stat. § 622.155(1)(a)(1). Thus, both Counts III and IV are Florida state law claims for statutory bad faith.

Florida law does not recognize a "valid" bad faith claim until there has been a determination of the insurer's liability and the insured's damages. See Dadeland Depot, Inc.

v. St. Paul Fire & Marine Ins. Co., 483 F.3d 1265, 1270 n.3 (11th Cir. 2007); Vest v. Travelers Ins. Co., 753 So. 2d 1270, 1276 (Fla. 2000). Here, Diaz Fritz has not received a favorable determination of coverage or liability and, in the ordinary case, such a determination is a prerequisite to a bad faith claim.

Thus, the only issue before the Court is whether the bad faith claims should be abated or dismissed without prejudice. Landmark Am. Ins. Co. v. Studio Imps., Ltd., Inc., 76 So. 3d 963, 964–65 (Fla. 4th DCA 2011) ("The trial court can decide to either dismiss the bad faith claim without prejudice or abate the claim until the underlying breach of contract issue is resolved.").

While courts have not settled on a single course of action for handling an unripe bad faith claim, the decision of whether to abate or dismiss the claim without prejudice ultimately rests in the sound discretion of the trial court. See Cox v. Nat'l Gen. Ins. Online, Inc., No. 8:15-cv-1924-T-33JSS, 2015 WL 5316966, at *2 (M.D. Fla. Sept. 11, 2015). This Court takes the view that "abating [a] bad-faith claim, even it if may be in the interest of judicial economy, is not the proper route. Bringing a premature bad-faith claim is contrary to the Federal Rules of Civil Procedure. A plaintiff

10

who has an as-yet unresolved claim for . . . benefits is not 'entitled to relief' on its claim for bad-faith." Bele v. 21st Century Centennial Ins. Co., 126 F. Supp. 3d 1293, 1296 (M.D. Fla. 2015).

Under the circumstances of this case, the Court exercises its discretion to dismiss without prejudice the prematurely filed claims for bad faith. See Wells v. State Farm Mut. Auto. Ins. Co., No. 8:13-cv-2355-T-27AEP, 2014 WL 3819436, at *1 n.1 (M.D. Fla. Mar. 18, 2014) ("The trend in Florida's appellate courts is to dismiss the bad faith claim without prejudice, rather than abate it, and the weight of authority from Florida's District Courts of Appeal and Supreme Court supports dismissal."); Great Am. Assurance Co. v. Sanchuk, LLC, No. 8:10-cv-2568-T-33AEP, 2012 WL 195526, at *7 (M.D. Fla. Jan. 23, 2012) ("[W]hen premature filing of an action cannot be cured by the passing of time — that is, when the claim is dependent upon the outcome of a separate action — dismissal without prejudice is preferred."). Accordingly, Counts III and IV are dismissed.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Westfield Insurance Company's Motion to Dismiss Counts I, III, and IV of the Complaint (Doc. # 8) is

11

**GRANTED.** The dismissal of Counts III and IV is without prejudice to Plaintiff's ability to file a new action, as appropriate, once Plaintiff's claims become ripe for adjudication.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of May, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE